United States District Court
Eastern District of Michigan
Northern Division

United States of America,

        Plaintiff,

v.

D-1  Jeffrey Bartlett,
D-2  Andrew Semenchuk,
D-3  Adam Ball,
D-4  Brian Bartlett, and
D-5  Anthony Thelen

        Defendants.

Case No. 23-cr-20676

Hon. Thomas L. Ludington

_____

### United States' Motion for Pretrial Hearing to Determine the Admissibility of Unstipulated-to Evidence
_____

The government has provided significant discovery in this case. Through reverse proffers and numerous discussions, government counsel has reviewed with and informed the defendants and their counsel about the evidence it will rely on at trial. Along with witness testimony, most of the government's evidence will be documents, emails, and records obtained through search warrants and subpoenas. This evidence will be offered for the truth of the matters asserted in

1

them, often by the individual defendants. The government will rely on the business records exception to the hearsay rule for the admission of these records. *See* Fed. R. Evid. 803(6) & 901.

The government is working on a preliminary evidence list which will include Bates' stamps for each exhibit. This should be available to the defendants by the beginning of May. None of the exhibits will be a surprise to the defendants and have been available to them for years. After the defendants have a chance to the review the government's exhibit list, the government will seek to obtain a stipulation to the foundation for the admission of the exhibits. If that request is denied, the government requests that the court set a pre-trial hearing to determine admissibility. The government has requested concurrence with this motion from the defendants, some of whom did not concur in its filing.

## The Exhibits

Documents obtained from the United States Department of Transportation (USDOT) and Michigan Department of Transportation (MDOT) include prequalification packages, correspondence, and

disadvantaged business applications, affidavits, transcripts, and related communications.

Email evidence was obtained from the email servers owned by the defendants' company Surveying Solutions Inc. (SSI). These emails contain conversations the defendants had among themselves, with other employees of SSI, with officials of MDOT and USODT, and with the defendants' accountants. These emails involve and relate to every aspect of the conduct charged in the Second Superseding Indictment and include statements made by the defendants during the conspiracy.

Documentary evidence seized from SSI business locations include invoices, leases, contracts, applications, and financial records. Bank records, including checks, statements, signature cards, and loan records were obtained through subpoenas.

**The Proposed Stipulation**

The government will provide to defendants a preliminary exhibit list along with a proposed stipulation that the foundation for admission of those exhibits has been satisfied. The proposed stipulation will be a reciprocal one if the defendants provide the government with their proposed evidence and foundational support before trial. The

stipulation will not preclude the parties from offering foundational evidence or from objecting to admission based on relevance or Fed. R. Evid. 801(d)(2)(E).

**The Court's Scheduling Order**

The court's criminal trial notice, filed on March 11, 2024, orders that once a party has received exhibits from an opposing party the foundation for admissibility will be "deemed established unless the objecting party files a notice with the Court at or before the final status conference that the foundation for the admission into evidence of the exhibit will be contested." ECF No. 60, PageID.242. The final pretrial conference is currently scheduled for July 11, 2025. If there are any objections filed—and absent a stipulation—it would be appropriate for the court to conduct a hearing to establish a foundation for the admissibility of evidence before trial to ensure that time is not wasted during trial on foundational evidentiary issues.

## Conclusion

If the defendants object or otherwise do not stipulate to the foundational support for the government's exhibits the government

requests that the court schedule a hearing to determine admissibility of such evidence at least 30 days before trial.

>Respectfully Submitted,
>
>Julie A. Beck
>Acting United States Attorney
>
>*s/ Karen L. Reynolds*
>Karen L. Reynolds
>T. Patrick Martin
>Assistant United States Attorneys
>211 West Fort Street, Suite 2001
>Detroit, Michigan 48226
>Karen.Reynolds@usdoj.gov
>Thomas.Martin@usdoj.gov

Dated: March 31, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to all Counsel of record.

>*s/Karen L. Reynolds*
>Karen L. Reynolds
>Assistant United States Attorney