UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEFFREY BARTLETT, et al.,

        Defendants.
_____/

Case No. 1:23-cr-20676

Honorable Thomas L. Ludington
United States District Judge

**ORDER RESOLVING OBJECTIONS AND FINALIZING JURY INSTRUCTIONS**

On June 18, 2025, this Court issued draft copies of (1) a "voir dire script," (2) "post swearing-in instructions," (3) substantive jury instructions, and (4) verdict forms for each Defendant. ECF No. 238. Consistent with the operative scheduling order, ECF No. 203, and stipulated adjournments, ECF No. 243, both Parties filed objections and proposed additions to these drafts. ECF Nos. 242; 244. This Order addresses each objection and proposal in turn. Clean copies of the finalized scripts, instructions, and verdict forms are attached.

**I. Voir Dire Script**

Both the Government and Defendants object to portions of this Court's draft voir dire script, ECF No. 238-1.

**A. The Government's Objections**

The Government's objections are not substantive and, instead, correct this Court's contentions about trial timing and Defendant representation at trial. The Government proposes the following corrections:

1. The United States Government is represented by Attorneys Karen Reynolds, *Patrick* Martin, and William Vailliencourt, Jr.
2. Defendant Jeffrey Bartlett is represented by Joshua Blanchard only.

   3. Defendant Brian Bartlett is represented by Attorney James Amberg only.
   4. We expect the trial to go no more than five weeks.
   5. We expect the trial to conclude no later than Monday, October 20.
   6. We will aim to complete the trial in four weeks.

ECF No. 242 at PageID.2764 (emphasis in original) (referencing ECF No. 238-1 at PageID.2666). All six objections are **SUSTAINED**. The voir dire script has been updated to reflect these corrections.

### B. Defendants' Objections

Defendant first objects to this Court's introduction of the court reporter, to the extent the Court tells the potential jurors that she keeps a record "for appellate review." ECF No. 244-1 at PageID.2776–78 n.1. Defendants argue, citing caselaw and ABA standards, that it is improper for the Court to "reference . . . the likelihood that . . . appellate courts[] will correct an erroneous conviction." *Id.* Although the draft did not impermissibly reference a *likelihood* of appellate review, and instead simply noted that court reporters keep a "record of the proceedings[] for appellate review," 238-1 at PageID.2656, Defendant's first objection is **SUSTAINED IN PART.** This Court will not strike the introduction exactly as proposed by Defendants but will, consistent with the core of their objection, remove any reference to appellate proceedings that could be considered improper.

Second, Defendants propose that, when this Court asks about the prospective jurors' residency, it specify that the jurors must have lived in the Northern Division for "at least *the last* one year." ECF No. 244-1 at PageID.2779 (emphasis added). This objection is **OVERRULED.** To be qualified, a prospective juror must have resided in the judicial district for a "period of one year." 18 U.S.C. §1865(b)(1). The Court's current draft is sufficient to ensure all jurors are qualified under this statute. *See* ECF No. 238-1 at PageID.2658.

Third, Defendants suggest that this Court reword its introduction to criminal litigation, specifically its discussion of how indictments and informations initiate criminal cases. ECF No. 244-1 at PageID.2780. But Defendants cite no authority for their suggested wording, *see id.*, nor do they explain why this Court's language was improper or inaccurate. *See* ECF No. 238 at PageID.2654 (requiring "any objection or proposed addition" to be "accompanied with a brief explanation and supporting legal authority"). So this objection is **OVERRULED.**

Defendant's fourth objection concerns the recitation of Count I. As drafted, this Court instructed as follows:

> In COUNT I, the indictment charges that, on or about February 25, 2011 through at least June 2019, Defendants Jeffrey Bartlett, Andrew Semenchuk, Adam Ball, Brian Bartlett, and Anthony Thelen knowingly and voluntarily combined conspired, and agreed with each other and others to commit the crime of wire fraud. That is, Defendants knowingly and with the intent to defraud conspired to devise a scheme to defraud and deprive another of money or property by means of false material pretenses through the use of wire communications in interstate commerce, such as emails and writings.

ECF No. 238-1 at PageID.2660–61. Defendants propose the following alteration:

> That is, Defendants knowingly and with the intent to defraud conspired to devise a scheme to defraud and deprive another of money ~~or~~ *and* property by means of false *and fraudulent* material pretenses through the use of wire communications in interstate commerce, such as emails and writings.

ECF No. 244-1 at PageID.2781 (alterations emphasized). This objection will be **SUSTAINED** to reflect the language used in the Second Superseding Indictment. *See* ECF No. 132 at PageID.1512.

In Defendants' fifth objection, they seek to strike the words "a federal executive agency" from this Court's recitation of Count II. ECF No. 244-1 at PageID.2381. But they provide no explanation or authority. This objection is **OVERRULED**. The Court's draft language accurately recites the Government's allegations in Count II. *See* ECF No. 132 at PageID.1523.

Defendants next suggest, without explanation or legal authority, that this Court change the way the wire fraud counts (Counts III–XIV) are numbered. ECF No. 244-1 at PageID.2782–84. This objection is **OVERRULED.** The Second Superseding Indictment initially charged 13 counts of wire fraud. *See generally* ECF No. 132. But Count IV was dismissed because it was barred by the applicable statute of limitations. ECF No. 2333. So this Court's subsequent Opinions and Orders, instructions, and verdict forms have renumbered the remaining wire fraud counts to prevent juror confusion and ensure no gaps in counts. Indeed, although Defendants objected to this enumeration in the voir dire script, they did not object to the same enumeration as employed in the substantive instructions or verdict forms.

Defendants next seek to modify this Court's instruction on the burden of proof as follows:

Instead, Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. You must also presume that they are innocent. This presumption of innocence stays with each Defendant unless ~~and until~~ the Government presents sufficient evidence here in court to overcome that presumption and to convince you beyond a reasonable doubt that he is guilty.

This means that each Defendant has no obligation to present any evidence at all, ***or to prove to you in any way that he is innocent.*** Defendants do not need to prove their innocence. Instead, it is up to the Government to prove that each Defendant is guilty and this burden stays on the Government from start to finish. You must find each Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

Indeed, the government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubt or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. ***Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.***

ECF No. 244-1 at PageID.2785 (emphasis in original). Defendants contend these alterations more accurately reflect the Sixth Circuit's pattern instruction on proof beyond a reasonable doubt. *Id.* n. 2. This objection is **SUSTAINED IN PART.** To avoid any unintended implication that the Government *will* meet its burden at trial, the Court will remove the words "and until" from the first paragraph. But this Court will not implement any other additions that Defendants proposed. This introduction to the burden of proof precedes juror selection and is meant to be brief. Indeed, once the jurors are selected, this Court issues the more thorough Sixth Circuit pattern instruction on the Government's burden. *See* ECF No. 283-3 at PageID.2689.

Next, Defendants object to this Court's instruction to the potential jurors that being excused "is just part of the procedure, and the attorneys are just following through on their obligation to their clients." ECF No. 244-1 at PageID.2789. Defendants do not explain this objection, so it is **OVERRULED.**

Defendants also object to the part of the voir dire script listing each side's peremptory and additional strikes to be used on alternates. ECF No. 244-1 at PageID.2793. But this information was included solely for tracking purposes, as the undersigned oversees voir dire. This information will not be read to the prospective jurors, so Defendants' objection seeking to strike it is **OVERRULED.**

Lastly, after voir dire, when instructing the empaneled jurors that they cannot discuss the case during the upcoming recess, Defendants suggest this Court specify that "anyone" includes "other jurors." ECF No. 244-1 at PageID.2793. This objection is **SUSTAINED.**

## II. Post Swearing-In Instructions

Neither Party has objected or proposed any additions to this Court's draft "post swearing-in instructions," ECF No. 238-2. *See* ECF Nos. 242 at PageID.2760; 244 at PageID.2767. The finalized version of these instructions is attached.

## III. Jury Instructions

Both Parties object to various substantive instructions, ECF No. 238-3. Each side's objections will be addressed in turn.

### A. The Government's Objections

The Government first objects to tentative instruction 2.12 addressing how the jury may consider a Defendant's testimony, if any Defendant decides to testify at trial. ECF No. 242 at PageID.2761. This Court's draft instructed that the jurors could consider a Defendant's in-court testimony "when determining whether the government has proven any charge against *that* defendant beyond a reasonable doubt." ECF No. 238-3 at PageID.2694 (emphasis added). The Government objects that this is an inaccurate statement of law because a defendant's voluntary testimony—like any other witness—could be considered against *all* defendants, and suggests this language be incorporated. ECF No. 242 at PageID.2761 (citing Fed. R. Evid. 402). This objection is **SUSTAINED.**

Relatedly, the Government objects only to the title of tentative instruction 2.13, addressing how the jury may consider a Defendant's out-of-court statements to law enforcement. This Court titled this instruction "Co-conspirator Statements Admissible Against Declarant Only," ECF No.238-3 at PageID.2694, but the Government suggests using the title "Separate Consideration — Evidence Admitted Against Certain Defendants Only." ECF No. 242 at PageID.2762. Because this title is used in the Sixth Circuit's pattern instructions, this objection is **SUSTAINED.**

Next, although the Government does not object to instruction 2.15 addressing accomplice testimony, it asks that, if Defendant Thelen—or any other Defendant—pleads guilty before trial, this Court add paragraph 3 of Sixth Circuit Pattern Instruction 7.08, addressing guilty pleas. *Id.* This Court will add this paragraph if any Defendant pleads guilty before trial.

The Government next proposes corrections to typographic errors in instruction 3.06(2)(C) and 3.07(3). *Id.* at PageID.2762–63. These objections are **SUSTAINED**. The typos have been corrected.

Lastly, the Government objects to certain sections of the Court's wire fraud instruction, Instruction 3.10. First, when describing the alleged scheme, the Government proposes new language which, it contends, avoids potential under-inclusivity issues. *Id.* at PageID.2763. Because Sixth Circuit Pattern Instruction 10.02 prompts the Court to describe the *Government's* alleged scheme, this Court will **SUSTAIN** this objection and defer to the Government's wording.

Second, the Government suggests striking any reference to radio and television throughout the substantive wire fraud instructions, since those forms of communication are irrelevant in the above-captioned case. *Id.* This Court agrees with the Government that references to radio and television are superfluous, and will accordingly **SUSTAIN** the Government's objection and strike these references for simplicity and to avoid juror confusion.

Third, the Government suggests specifying, in instruction 3.10(2)(H), that wire communications qualify as interstate commerce when they "cross a state line." *Id.* Because this additional language is consistent with Sixth Circuit Pattern Instruction 10.02(2)(G), this objection is **SUSTAINED**.

## B. Defendants' Objections

Defendant first objects to Instruction 2.15, addressing accomplice testimony. Like the Government, Defendants note that this Court "may" need to add paragraph 3 of Sixth Circuit Pattern Instruction 7.08, instructing the jury on how to consider guilty pleas of testifying accomplices. ECF No. 244 at PageID.2768–69. As discussed, this Court will add this paragraph if necessary.

Separately, Defendants propose that, in 2.15(1), this Court add the word "alleged" before the word "crime." *Id.* at PageID.2769. This objection is **OVERRULED.** The Court's language mirrors Sixth Circuit Pattern Instruction 7.08, and adding the word "alleged" would be needlessly duplicative since the instruction goes on to clarify that the crime the accomplice participated in is the crime Defendants are "*charged* with committing." *See* ECF No. 238-3 at 2694 (emphasis added).

Defendants also propose a correction to a typographical error in 2.15(2). ECF No. 244 at PageID.2769 (swapping "the defendant" with "any defendant"). This objection is **SUSTAINED.** The instruction has been updated to correct this typo, and a similar one in 2.15(1).

Defendants next object to Instruction 3.06, noting the Indictment alleges that Defendant Semenchuk pretended to be a "*51*% owner" of SSI on April *19*, 2013—not a 50% owner on April 13, 2013 as instructed by the Court's draft. *Id.* at PageID.2769 (emphasis added). Defendants are correct. *See* ECF No. 132 at PageID.1524. So their objection is **SUSTAINED** and instruction 3.06 will be amended accordingly.

Defendants' next objection seeks to correct the same typographical error that the Government identified in instruction 3.07. ECF No. 244 at PageID.2769. This objection is **SUSTAINED.** As explained, this typo has been corrected.

Next, Defendants object to Instruction 3.12 in its entirety. *Id.* at PageID.2769–70. That instruction provides:

> It is not a defense to any of these charges that other persons or entities could have done something to prevent the fraud, or that they somehow should have discovered the fraudulent representations with due diligence. In other words, it matters not that a victim, or other third party, may have been careless or gullible. If you find that the government has proved all of the elements of conspiracy and wire fraud beyond a reasonable doubt, it is not a defense that such a fraud might not have occurred if others had acted with greater care.

ECF No. 238-3 at PageID.2703. Defendants contend this instruction is unnecessary because "none of [them] will be offering evidence" that third parties were negligent or careless. ECF No. 244 at PageID.2770.

This Court respectfully disagrees. Even if Defendants do not suggest at trial that third parties were negligent or careless, this instruction clarifies potential misconceptions about wire fraud. Indeed, there are multiple third-party players in this complex government contracting case, including MDOT, USDOT, auditors, and accountants. A lay juror may reasonably conclude that one or all of these third parties—especially those that oversaw SSI's billings to MDOT over a decade—could or should have done more to catch or prevent Defendants' alleged fraud. But this cannot be considered as a defense. *See, e.g.*, *United States v. Winkle*, 477 F.3d 407, 418 (6th Cir. 2007) (affirming exclusion of evidence that regulatory fraud victims failed to detect the fraud); *United States v. Namer*, 149 F. App'x 385, 400–01 (6th Cir. 2005) (same, noting that defendants charged with wire fraud cannot escape liability "on the ground that [an]other party failed to nose out the truth" (internal quotations omitted) (citing *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 529 (7th Cir. 1985)). *United States v. James*, 496 F. App'x 541, 545 (6th Cir. 2012) (collecting cases and noting a "blame the victim" defense to wire fraud has been "roundly rejected" by federal appellate courts). So Defendants' objection is **OVERRULED**.

However, this Court will—as Defendants alternatively request—add the word "alleged" to this instruction when discussing wire-fraud victims.

Defendants next object to Instruction 3.13 and seek to strike specific language that the "*Government agrees*" that good faith is a complete defense to all charges. ECF No. 244 at PageID.2770–71 (emphasis added). This objection is **SUSTAINED.** This Court will remove reference to the Government's agreement because it is irrelevant and doing so avoids any unintentional implication that the Government's theories are entitled to greater weight.

Defendants also object that Instruction 3.15, addressing deliberate ignorance, *may* be unnecessary. *Id.* at PageID.2771. As Defendants recognize, this "ostrich instruction"[1] should be used sparingly. *United States v. Mitchell*, 681 F.3d 867, 876 (6th Cir. 2012) ("Our case law makes clear that the decision to give this instruction is to be approached with significant prudence and caution."). Indeed, it is improper to issue this instruction "routinely" because doing so would risk convictions "based on mere negligence, carelessness, or ignorance." *Id.* Accordingly, although the Sixth Circuit recognizes and respects district-court discretion when crafting jury instructions, it has held that the deliberate-ignorance instruction should not be read unless the district court first concludes that the evidence presented at trial "support[s] an inference 'that [a] defendant acted with a reckless disregard of [the high probability of illegality] or with a conscious purpose to avoid learning the truth.'" *Id.* (quoting *United States v. Seelig*, 622 F.2d 207, 213 (6th Cir. 1980)). In light of this precedent, Defendants' objection is **SUSTAINED** to the extent it argues Instruction 3.15 should only be read if the proofs at trial support it. Accordingly, the instruction has been highlighted in the attached final instructions to indicate its tentative nature.

---

[1] Like ostriches often do, Defendants cannot deliberately put their head in the metaphorical sand to avoid learning about criminal conduct.

Next, Defendants object to Instruction 3.16, which reflected this Court's understanding—based on the Government's proposal—that the Parties stipulated to the fact that Defendants used the wires in interstate commerce in furtherance of their alleged wire-fraud schemes. ECF No. 244 at PageID.2772. Defendants contend that there "is no stipulation regarding interstate commerce" and that they "would never" stipulate to the fact that communications were "in furtherance" of any alleged scheme. *Id.* Accordingly, Defendants' objection is **SUSTAINED.** Because, at this juncture, the Parties have not stipulated to *any* facts, the Court will strike Instruction 3.16 in its entirety. If the Parties file any stipulations, they should request that this instruction (Sixth Circuit Pattern Instruction 7.21) be provided.

Finally, Defendants propose minor wording changes to instructions 4.05 and 4.08. *Id.* at PageID.2772–73 (replacing "the defendant" with "any defendant" and replacing "must" with "should"). These objections are **SUSTAINED**.

## IV. Verdict Forms

The Parties jointly suggest three proposed corrections to the verdict forms for each Defendant. *See* ECF No. 244 at PageID.2767 (noting Defendants' concurrence with the Government's proposed corrections). First, the Parties note that the "correct amount of the wire transfer charged in" Count III is $6,824.16. ECF No. 242 at PageID.2764. Second, the Parties note that "the correct amount of the wire transfer charged in" Count VII is $26,139.49, and the "correct date" of this alleged transfer is December 12, 201[8]."[2] *Id.* Third, the Parties note that the correct

---

[2] This Court's proposed verdict forms stated that the date of the transfer charged in Count VII was December *19*, 2018. *See, e.g.*, ECF No. 238-4 at PageID.2711. The Government—and Defendants through concurrence—suggested that the correct date December 12, *2019*. ECF No. 242 at PageID.2764. This seems like a minor typo in the Parties' pleadings, to correct a minor typo in this Court's draft. Count VII of the Second Superseding Indictment alleges that the wire transfer occurred on December 12, 2018. ECF No. 132 at PageID.1526. The verdict forms have been corrected to reflect this date.

amount of the wire transfer charged in Count VIII is $125,351.21. *Id.* at PageID.2765. These objections and proposed corrections are **SUSTAINED.** All five verdict forms have been updated to reflect these corrections.

Additionally, this Court's draft verdict forms listed the transfer charged in Count X as $75,451.*62*. *See, e.g.*, ECF No. 238-4 at PageID.2712 (emphasis added). But, when implementing the Parties' proposed corrections, this Court identified another: the transfer charged in Count X is $75,451.*26*. ECF No. 132 at PageID.1526. All verdict forms have been updated to implement this additional correction.

Moreover, this Court noticed that the wire fraud counts (Counts III–XIV) were inconsistently titled. Some counts were titled "Wire Fraud/Aiding & Abetting," while others were titled "Aiding & Abetting Wire Fraud." *See, e.g.*, ECF No. 238-8 at PageID.2731. The verdict forms have been updated such that all wire fraud counts use the former title.

**IT IS SO ORDERED.**

Dated: July 7, 2025                                                                                   s/Thomas L. Ludington
                                                                                                                  THOMAS L. LUDINGTON
                                                                                                                  United States District Judge