UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

        Plaintiff,

vs.

D-1 Jeffrey Bartlett,

        Defendant.

Case No. 1:23-cr-20676
Honorable Thomas L. Ludington

## Stipulated Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with the Defendant Jeffrey Bartlett (the "Defendant"), by and through his attorney, Joshua A. Blanchard, submit this Stipulated Order of Forfeiture for immediate entry, and stipulate and agree to the following:

As agreed in his Plea Agreement (ECF 270), the Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461, without contest, his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his violation charged in Count Two of the Second Superseding Indictment.

As agreed in his Plea Agreement, the Defendant agrees pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to the entry of a

personal forfeiture money judgment against him in favor of the United States in the amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars and 00/100 ($814,640.00)**, which represents proceeds obtained by him as a result of his violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States). Upon satisfaction of this money judgment, Defendant shall have no further forfeiture obligations.

As agreed in his Plea Agreement, the Defendant agrees that should the forfeiture money judgment not be satisfied in full by sentencing, the Defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise, to satisfy the forfeiture money judgment, including any real property in which he has an interest.

As agreed in his Plea Agreement, the Defendant agrees that if he has not satisfied the forfeiture judgment in full by sentencing, that he will complete and return a Financial Disclosure Form within three weeks of receiving it from government counsel, which may be used in any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose. The financial statement shall disclose and list all assets, funds and property of any kind in which the

Defendant has an interest, all liens and encumbrances against such assets, funds, and property, and all of the Defendant's liabilities. The financial statement must be signed by the Defendant under penalty of perjury.

As agreed in his Plea Agreement, the Defendant agrees that, if the forfeiture judgment is not satisfied by the time of sentencing, he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

In the event that Defendant does not satisfy the forfeiture judgment by the time of sentencing, Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceedings and that he will testify truthfully in any such proceedings. If any other person or entity has any interest in such property, the Defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

Upon satisfaction of the forfeiture judgment and restitution by Defendant, the Government agrees to promptly release any claims, liens, or other

encumbrances it may have against any interest held only by Jeffrey Bartlett and/or Jenny Saxman a/k/a Jenny Bartlett in any property.

Upon satisfaction of the forfeiture judgment and restitution by all co-Defendants, the Government agrees to promptly release any claims, liens, or other encumbrances it may have against any property in this matter.

In entering this Stipulation, the Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Stipulation on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In entering this Stipulation, the Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time he is sentenced.

In entering into this Stipulation, the Defendant agrees to immediate entry of this Stipulated Order of Forfeiture and agrees that this Order shall become final as to the Defendant at entry.

Upon satisfaction of the forfeiture money judgment, the Defendant shall have no further forfeiture obligations.

The government agrees not to take action to enforce the forfeiture judgment until after the date of sentencing. The Defendant's sentencing is currently set on November 18, 2025.

Based on the contents of the Information, the Defendant's guilty plea to Count Two of the Second Superseding Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED THAT:**

1. A personal forfeiture money judgment in the amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars and 00/100 ($814,640.00)**, is GRANTED AND ENTERED against the Defendant, Jeffrey Barlett, in favor of the United States which represents proceeds obtained by him as a result of his violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States).

        The amount that Defendant owes on the forfeiture money judgment shall be reduced by the net amount of assets forfeited from the Defendant to the United States.  Upon satisfaction of this money judgment, Defendant shall have no further forfeiture obligations.

2. The Defendant agrees that the forfeiture amount judgment will be satisfied by Defendant tendering certified funds or wire transfer on or before the date of sentencing. The United States agrees not to take any steps to enforce the forfeiture money judgment until after the date of sentencing.

3. If Defendant does not pay the Money Judgment, the United States may move to satisfy the Money Judgment with substitute assets under 21 U.S.C. § 853(p)(2) and the Defendant agrees to waive and relinquish his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(l) or otherwise, to satisfy the forfeiture money judgment, including any real property in which he has an interest.

4. This Order of Forfeiture shall become final at sentencing and entry of the forfeiture money judgment shall be made part of the Defendant's sentence and included in the Judgment and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

5. The forfeiture provisions of this stipulated order are intended to, and will, survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the entry of this order. The forfeitability of any particular property pursuant to this stipulated order shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors, and assigns until the agreed forfeiture, including the agreed money judgment amount, is collected in full.

6. Should the forfeiture money judgment not be satisfied at the time of sentencing, the United States may conduct discovery to identify, locate, or dispose of substitute assets in accordance with the Federal Rules of Civil Procedure in order to collect on and enforce the money judgment, upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure Rule 32.2(e) to allow forfeiture of substitute assets to satisfy the Money Judgment.

Approved as to form and substance:

JEROME F. GORGON, JR.
United States Attorney

| | |
|---|---|
| S/ K. Craig Welkener | S/ Joshua A. Blanchard (w/consent) |
| K. Craig Welkener (DC 1033585) | Joshua A. Blanchard (P72601) |
| Assistant United States Attorney | Attorney for Defendant, Jeffrey Bartlett |
| 211 W. Fort Street, Ste. 2001 | 309 S. Lafayette St., Ste. 208 |
| Detroit, MI 48226 | Greenville, Michigan 48838-1991 |
| (313) 226-0248 | (616) 773-2945 |
| Kenton.Welkener@usdoj.gov | Josh@blanchard.law |
| | |
| Dated: October 27, 2025 | Dated: October 27, 2025 |

*******************************

**IT IS SO ORDERED.**

Dated: November 4, 2025                           s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge